# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERNANDEZ AND YOLANDA HERNANDEZ,<br><br>　　　　Plaintiffs,<br>　vs.<br><br>DSL SERVICE COMPANY, DOE 1 and DOES 2-50, inclusive,<br><br>　　　　Defendants. | CASE NO. 08cv1911 BTM(WMc)<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION FOR A MORE DEFINITE STATEMENT AS MOOT** |

Defendant DSL Service Company ("Defendant" or "DSL") has filed a motion to dismiss for failure to state a claim upon which relief may be granted or, in the alternative, for a more definite statement. For the reasons discussed below, Defendant's motion to dismiss is **GRANTED**, and Defendant's motion for a more definite statement is **DENIED AS MOOT**.

## I. BACKGROUND

On August 20, 2008, Plaintiffs commenced this action in the Superior Court of California, County of San Diego. On October 17, 2008, Defendant removed the action to federal court.

Plaintiffs are the owners of the real property located at 540 Drew View Lane, San Diego, California 92113 ("Property"). (Compl. ¶ 6.) Plaintiffs allege that DSL and the Doe defendants are proceeding toward a Trustee's sale of the Property (Compl. ¶ 5.) Plaintiffs

1 allege, "Upon information and belief, DOE 1 is not the holder of the note identified in the
2 security instrument, is not in possession of the note properly endorsed to it, nor is it otherwise
3 entitled by law in this State to initiate foreclosure under the security instrument identified in
4 Exhibit 1." (Compl. ¶ 7.) Plaintiffs claim that DOE 1 has no right to initiate foreclosure or
5 direct DSL to foreclose or sell the Property. (Compl. ¶ 8.)

6 Plaintiffs allege that although their attorney demanded proof of Defendants' right to
7 proceed in foreclosure, Defendants have not offered any proof. (Compl. ¶ 10.) Plaintiffs
8 further allege that their attorney demanded a detailed accounting of the amount Defendants
9 stated must be paid to redeem the Property from foreclosure. (Compl. ¶ 11.) According to
10 Plaintiffs, any response by Defendants has been so inadequate that Plaintiffs have been
11 prevented from determining whether any or all of the charges included in the payoff demand
12 were justified. (Id.) Plaintiffs also allege that Defendants have added costs and charges to
13 the payoff amount that are not justified or proper under the terms of the note or the law.
14 (Compl. ¶ 17.)

15 The Complaint sets forth the following causes of action: (1) unfair debt collection
16 practices; (2) predatory lending practices; and (3) RICO violations.

17
18 **II. STANDARD**

19 Under Fed. R. Civ. P. 8(a)(2), the plaintiff is required only to set forth a "short and plain
20 statement" of the claim showing that plaintiff is entitled to relief and giving the defendant fair
21 notice of what the claim is and the grounds upon which it rests. Conley v. Gibson, 355 U.S.
22 41, 47 (1957). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should
23 be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient
24 facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696,
25 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in
26 plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.
27 See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although
28 detailed factual allegations are not required, factual allegations "must be enough to raise a

right to relief above the speculative level." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u>

### III. DISCUSSION

DSL moves to dismiss Plaintiffs' Complaint for failure to state a claim, or, in the alternative, for a more definite statement. The Court grants DSL's motion to dismiss for failure to state a claim. As discussed below, although Plaintiffs generally allege violations of certain statutes, Plaintiffs fail to allege how DSL violated the statutes or plead sufficient facts establishing a violation.

A. <u>Unfair Debt Collection Practices</u>

Plaintiffs allege that Defendants have violated "provisions of California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), including but not limited to Civil Code § 1788 (e) and (f), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C., Title 41, Subchap. V. §§ 1692 *et seq.* and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617." (Compl. ¶ 20.)

With respect to the FDCPA and the RESPA, Plaintiffs do not specify what provision(s) of these acts DSL violated or what DSL in particular did to violate the acts. It appears that Plaintiff may intend to assert a claim that DSL violated the RESPA, 12 U.S.C. § 2605(e), by failing to take adequate action with respect to Plaintiffs' inquiry regarding the pay-off amount. Under § 2605(e), after a servicer of a federally related mortgage loan receives a qualified written request from the borrower for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days and must take action on the request within 60 days. However, it is unclear whether Plaintiffs are the "borrower." The Complaint does not state that they are, and Exhibit 1 to the Complaint shows that the Deed of Trust securing the note was executed by Luis M. Flores,

not Plaintiffs.

As for Plaintiffs' claim under the RFDCPA, Plaintiffs cite to Cal. Civ. Code § 1788 (e) and (f). The Court assumes that Plaintiffs intended to cite to Cal. Civ. Code § 1788.10(e) and (f) (there is no § 1788(e) or (f)). Subsection (e) provides that no debt collector shall collect or attempt to collect a consumer debt by "the threat to any person that nonpayment of the consumer debt may result in . . . the seizure, garnishment, attachment or sale of any property . . . unless such action is in fact contemplated by the debt collector and permitted by the law." Subsection (f) prohibits the collection or attempted collection of debts by "[t]he threat to take any action against the debtor which is prohibited by this title."

The Complaint does not allege facts establishing a violation of subsections (e) and/or (f). Plaintiffs contend that the foreclosure of their home is not permitted by law because DOE 1 is not the holder of the note identified in the security instrument. (Compl. ¶¶ 7-8.) However, it appears that Plaintiffs are just speculating that DOE 1 has initiated the foreclosure proceedings and is not in a legal position to do so due to an invalid assignment of rights or otherwise. Plaintiffs do not provide any facts in support of their allegations and, instead, rely upon mere "information and belief." (Compl. ¶ 7.) These allegations do not raise Plaintiffs' right to relief above a speculative level. To the extent that Plaintiffs contend that DOE 1 must possess the *original* note to initiate foreclosure proceedings, Plaintiffs have not cited legal authority supporting such a dubious proposition.

Plaintiffs have not stated a claim against DSL under the FDCPA, RESPA, or the RFDCPA. Therefore, the Court grants DSL's motion as to Plaintiffs' Unfair Debt Collection Practices Act cause of action.

B. <u>Predatory Lending Practices</u>

Plaintiffs allege that Downey Savings, the original lender, engaged in deceptive practices "in violation of the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1637, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 41-58, the specifics

of which are unknown, but which are subject to discovery and with respect to which the specifics will be alleged by amendment to this complaint when ascertained." (Compl. ¶ 23.) Plaintiffs further allege that DOE 1 is "subject to defenses that would have been available against Equifirst." (Compl. ¶ 22.)  It is unclear whether Plaintiffs intend to allege this cause of action against DSL.  To the extent that they do, Plaintiffs do not state how DSL, a trustee, violated the various statutes or can be held liable for any violations by Downey Savings or DOE 1.  Accordingly, the Court dismisses this cause of action for failure to state a claim.

C. RICO

Plaintiffs allege that Defendants violated the RICO statute, 18 U.S.C. §§ 1961, *et seq.*, by participating in a scheme of racketeering. (Comp. ¶ 26.)  Again, Plaintiffs do not specify what provision of the RICO statute Defendants allegedly violated, nor do they allege the elements of a civil RICO claim – i.e., (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiff's business or property.  Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005).  Although Plaintiffs make the conclusory claim that Defendants "have participated in a scheme of racketeering," Plaintiffs fail to identify the predicate acts that form the basis of the alleged "scheme of racketeering."  See Izenberg v. ETS Services, LLC, __ F. Supp. 2d __, 2008 WL 5179088 at *7 (C.D. Cal. Dec. 8, 2008).  Therefore, this cause of action is dismissed for failure to state a claim.

**IV. CONCLUSION**

For the reasons discussed above, Defendant DSL's motion to dismiss is **GRANTED**, and DSL's motion for a more definite statement is **DENIED AS MOOT**.  Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.  The Court grants Plaintiffs leave to file an amended complaint addressing the deficiencies identified above.  Any amended complaint must be filed within 30 days of the filing of this order.  If Plaintiffs do not file an amended complaint within the prescribed time, the Court shall order the Clerk to enter judgment dismissing this

case without prejudice, and the case shall be closed.

**IT IS SO ORDERED.**

DATED: February 2, 2009

_____
Honorable Barry Ted Moskowitz
United States District Judge